**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jorge CORDOVA–VILLA, Defendant—Appellant.**

**No. 10–50007.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 1, 2010.*

Filed Sept. 13, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Christopher Paul Tenorio, Esquire, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, FISHER and GOULD, Circuit Judges.

### MEMORANDUM **

Jorge Cordova–Villa appeals his sentence following a guilty plea to a single count of attempting to enter the United States after being previously removed. *See* 8 U.S.C. § 1326. As the facts are known to the parties, we repeat them here only as necessary to explain our decision.

### I

■ Cordova–Villa first contends that the sentence the district court imposed was substantively and procedurally unreasonable because the district court judge improperly considered his criminal history three times in selecting a sentence above the Guidelines minimum. We disagree. District courts are explicitly required to consider "the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). The district court's consideration of Cordova–Villa's

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

criminal history for more than one purpose under the Guidelines was proper. *See United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir.2008).

## II

### A

■ Cordova–Villa contends that the district court erred by refusing to grant a continuance. We disagree. At sentencing, Cordova–Villa requested a continuance to speak to the probation office about mitigating evidence related to duress. The district court made clear that even if Cordova–Villa did so, it would not impact his sentence, and noted that the court had already reviewed Cordova–Villa's allegations of mitigating evidence in a filing under seal. Accordingly, the district court did not abuse its discretion by denying Cordova–Villa's requested continuance. *See United States v. Garrett*, 179 F.3d 1143, 1144–45 (9th Cir.1999) (en banc).

### B

■ Cordova–Villa next argues that the district court erred by relying on his post-arrest silence to deny his request for a reduced sentence based on mitigating evidence of duress. We disagree. Because Cordova–Villa did not raise this objection before the district court, we review the district court's decision for plain error. *See United States v. Rendon–Duarte*, 490 F.3d 1142, 1146 (9th Cir.2007). Cordova–Villa's sentence was unaffected by any potentially improper inferences drawn by the district court. For that reason, Cordova–Villa's substantial rights were not affected, nor were the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

## III

Cordova–Villa's final claim is that the district court violated the principle set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by imposing a sentence that violated the parsimony principle embedded in section 3553(a). We reject this claim because it is directly foreclosed by our decision in *United States v. Chavez*, 611 F.3d 1006, 1009–10 (9th Cir.2010) (per curiam).

## IV

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**